IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KERRY L. GARNER                                                                PLAINTIFF

v.                            Civil No. 10-2099

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kerry Garner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for a period of disability, disability income benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

The plaintiff filed her application for DIB and SSI on January 30, 2006, alleging an onset date of December 30, 2000, due to bipolar disorder; osteoarthritis; asthma; ADHD; personality disorder; and, chronic neck, back, and shoulder pain. Tr.81. Her applications were initially denied and that denial was upheld upon reconsideration. Plaintiff then made a request for a hearing by an Administrative Law Judge ("ALJ"). An administrative hearing was held on November 11, 1007. Tr. 31-70. Plaintiff was present and represented by counsel.

At this time, plaintiff was 36 years of age and possessed a high school education with two years of college and certification in sign language. Tr. 33, 120. She had past relevant work

("PRW") experience as a home health aide, telemarketer, substitute teacher, and waitress. Tr. 57, 137, 169.

On March 21, 2008, the ALJ found that plaintiff's osteoarthritis, asthma, ADHD, bipolar disorder, personality disorder, and substance addiction in full remission for one year were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 81-84. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work requiring only incidental interaction with others consistent with the work performed, little judgment, simple, direct, and concrete supervision, and where the complexity of the tasks is learned by rote with few variables. Tr. 84-89. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a maid. Tr. 90.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on May 7, 2010. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work

3

experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's failure to properly consider the residuals of Plaintiff's tibia and fibular fracture when deciding Plaintiff's RFC. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, evidence reveals that Plaintiff fell and broke the distal tibia and fibula in her left leg in April 2007. Tr. 289-305. As a result, she underwent open reduction and internal fixation for both fractures. Following surgery, Plaintiff contracted an antibiotic resistant staph infection in her tibia incision and necessitated approximately four months of intravenous antibiotic

4

treatment to cure the infection and heal the incision. Tr. 306-348. Additionally, Plaintiff underwent surgery to have some of the hardware removed, as it was thought to be contributing to the infection. In September 2007, it was noted that Plaintiff's left leg was shorter than her right, as a result of these fractures. Tr. 348. A slight foot droop when walking was also documented in November 2007. Tr. 473.

In February 2008, Plaintiff was treated for numbness of her left foot. Tr. 471. In April, it was noted that the remaining hardware was beginning to protrude through the skin. Tr. 470.

In November 2007, Dr. Edwards, Plaintiff's treating physician, completed a physical RFC assessment. He indicated that Plaintiff could stand and walk for fifteen minutes at a time for a total of one hour each during a sixteen hour day. Tr. 455-457. Further, Dr. Edwards opined that Plaintiff could never squat, crawl, stoop, crouch, kneel, or climb ladders/scaffolds and could rarely balance, twist, and climb stairs/inclines. He also concluded that she would have limitations working near heights and dangerous machinery. Tr. 455-457.

The ALJ dismissed Dr. Edwards' opinion, stating that is was suspect because it had been completed in conjunction with Plaintiff's application for disability. We note, however, at least the portion concerning Plaintiff's leg limitations, appears to be consistent with the medical evidence establishing her impairment. And, as such, the ALJ should not have dismissed it. Accordingly, the case will be remanded to allow the ALJ to reconsider Dr. Edwards' assessment and the limitations imposed by Plaintiff's leg injury.

There is also evidence to suggest that Plaintiff was experiencing neck and shoulder pain. Repeat examinations revealed tenderness in the neck, trapezius muscles, and back. The pain was severe enough that it warranted epidural steroid injections and narcotic pain medications to include Lorcet and Methadone. However, the ALJ also failed to take this into consideration when

determining Plaintiff's RFC. And, once again, Dr. Edwards' RFC assessment indicated that Plaintiff would be limited with regard to reaching, working in extended positions, and working overhead or above shoulder level. As this seems to have support in the overall record, we believe remand is necessary to allow the ALJ to reconsider Plaintiff's impairments and reassess her RFC.

IV.   **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned does not find substantial evidence to support the ALJ's decision denying the plaintiff benefits, and thus the decision should be reversed and remanded for further consideration pursuant to sentence four.

DATED this <u>4th</u> day of August 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE